IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM F. TREBAS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ALLY BANK, A UTAH CORPORATION, <br><br> Defendant. | CV 18-201-M-DLC-JCL <br><br><br> FINDINGS AND RECOMMENDATION |

**I. Background**

Plaintiff William F. Trebas, Jr., appearing pro se, commenced this action against Defendant Ally Bank asserting it lacked both the factual and legal authority to foreclose on real property Trebas owns. The property was the subject of a deed of trust Trebas granted in 2012 to secure a loan he had obtained. He contends the deed of trust, the promissory note, and documents assigning the note and beneficial interests in the deed of trust were fraudulently executed, or unlawfully relied upon to ultimately support Ally Bank's foreclosure on the property. He asserts Ally Bank is liable for fraud, alleged violations of the Fair Debt Collection Practices Act, and the intentional infliction of emotional distress.

Trebas asserts the Court has jurisdiction over his claim pursuant to 28 U.S.C. § 1331 on the basis that his claim arises under laws of the United States. (Doc. 1 at 1.) The Court also has supplemental jurisdiction over Trebas's claims advanced

1

under Montana law as provided in 28 U.S.C. § 1367.

## III. Discussion

Because Trebas is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

But even with liberal construction of Trebas's pleading, for the reasons discussed the Court concludes this action is barred under the doctrine of res judicata.

Although a federal court must be cautious in raising a preclusion bar sua sponte, it is appropriate to do so in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000).

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona*, at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)). Thus, where judicial resources have previously been spent on the resolution of a particular prior case, special circumstances can be found warranting the court's sua sponte application of res judicata to a subsequent attempt to relitigate the same case. *Cf. Arizona*, at 412-413, and *Headwaters, Inc.* at 1056-57.

This Court has notice of the facts and circumstances of Trebas's prior civil action filed in this Court, captioned as *Trebas v. Ally Bank*, CV 17-113-M-DLC-JCL (*Trebas I*). This Court expended significant judicial resources addressing the merits of Trebas's legal claims pled against Ally Bank in *Trebas I*, and on August 22, 2018, the Court entered an order and a judgment dismissing that case. Nonetheless, Trebas now seeks to commence a new lawsuit which presents claims predicated upon the same nucleus of operative facts he presented in *Trebas I*. Thus, any relitigation of Trebas's dispute with Ally Bank would be inconsistent with the prior dismissal in *Trebas I*, and it would be a waste of judicial resources to again adjudicate claims stemming from the same predicate facts as were presented in

3

*Trebas I*. Therefore, the Court finds it is appropriate to raise the doctrine of res judicata sua sponte.

Res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is applicable when (1) the prior litigation and the present action involve the same claims, or when the two cases have an "identity of claims;" (2) a final judgment on the merits was entered in the prior litigation; and (3) there exists privity between the parties in the two cases. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

Here, the nucleus of operative facts pled in this case are identical to those presented in *Trebas I*. In each case Trebas asserts Ally Bank is liable for its conduct in foreclosing on his real property in the alleged absence of its factual and legal authority to do so. But in this case, Trebas alleges he has engaged the services

of an expert witness who would testify that Trebas's signatures on the subject promissory note and deed of trust are not Trebas's signatures, and the signatures were forged. Nonetheless, although Trebas may not have previously obtained the expert witness's opinion prior to *Trebas I*, the doctrine of res judicate precludes the relitigation of issues that could have been raised in a prior action. Clearly, if Trebas believed he had not signed the note and deed of trust, that would have been a factual claim he could have asserted, through his own personal knowledge, in *Trebas I*.

Additionally, Trebas and Ally Bank are each a party to both *Trebas I* and this case. Finally, a judgment was entered in *Trebas I* dismissing that case, and Trebas did not appeal that 2018 judgment thereby rendering the judgment final. Ally Bank's entitlement to the finality of the judgment in *Trebas I* would be impaired by relitigation of the same claims in this action. Therefore, Trebas's claims advanced in this case are barred by the doctrine of res judicata, and should be dismissed.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

Here, the Court finds Trebas's allegations are clearly barred under the doctrine of res judicata. And given the broad scope of res judicata, Trebas could not plead any additional facts that would avoid application of res judicata. Thus, the Court finds it is unnecessary to afford Trebas an opportunity to amend his pleading.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Trebas's complaint be DISMISSED without leave to amend.

DATED this 18th day of January, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge