IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| WILLIAM F. TREBAS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ALLY BANK, A UTAH CORPORATION, <br><br> Defendant. | CV 18–201–M–DLC–JCL <br><br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on January 18, 2019, recommending the dismissal of Plaintiff William F. Trebas, Jr.'s Complaint (Doc. 1) without leave to amend. (Doc. 6 at 6.) Trebas missed the deadline for filing an objection but has filed a Motion for Leave to File Objection Out-of-Time. (Doc. 8.) The Court will grant this request and proceeds to an analysis of his objection. Trebas is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

-1-

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Judge Lynch determined that Trebas' complaint is barred by the doctrine of res judicata and should be dismissed. Additionally, Judge Lynch determined that Trebas' complaint could not be cured by amendment. (Doc. 6 at 5–6.) Trebas objects to Judge Lynch's recommendation on the basis that his complaint alleges a cause of action "for fraud due to forged documents" that he could not have known about until after receiving the report of his handwriting expert. (Doc. 8-1 at 2.) Trebas claims that Defendant Ally Bank forged his signatures on the promissory note and deed of trust that form the basis for both his prior suit and his immediate complaint. (*Id.*) Trebas' argument is unpersuasive. As noted by Judge Lynch, "[c]learly, if Trebas believed he had not signed the note and deed of trust, that would have been a factual claim he could have asserted, through his own personal knowledge," in his previous suit against Ally Bank. (Doc. 6 at 5.) Indeed, as

-2-

pointed out by Ally Bank, Trebas admitted to signing the promissory note and deed of trust in his previous suit. *Trebas v. Ally Bank*, No. CV 17–113–M–DLC–JCL, Doc. 52 at 1–2 (D. Mont. May 29, 2018). The report of Trebas' "Forensic Handwriting and Document Examiner Expert Report" does nothing to change this fact. Accordingly,

IT IS ORDERED that Trebas' Motion (Doc. 8) is GRANTED.

IT IS FURTHER ORDERED that Judge Lynch's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL and Trebas' Complaint (Doc. 1) is DISMISSED without leave to amend.

DATED this 24th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court